**UNITED STATES v. SINGER et al.**

**Cr. No. 11170.**

District Court, W. D. Pennsylvania.

April 21, 1943.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for United States.

John David Ray, of Beaver Falls, Pa., for defendants.

GIBSON, District Judge.

The defendants have been found guilty of conspiracy to violate the Selective Training and Service Act of 1940, 50 U.S. C.A. Appendix § 301 et seq., and have filed a motion in arrest of judgment and an alternative motion for a new trial.

In support of their motion in arrest of judgment the defendants base their contention upon the general conspiracy statute, 18 U.S.C.A. § 88, which provides: "If two or more persons conspire either to commit any offense against the United States * *. * and one or more of such parties do any act to effect the object of the conspiracy, each of the parties to such conspiracy * * *" shall be punished thus and so. Holding that this statute controlled in prosecutions for conspiracy to commit an offense against the United States, counsel for defendants demurred to the indictment because it failed to set forth any overt acts. Had the court been left to its own unaided judgment it must be admitted that very serious consideration would have been given to this demurrer. But it was not unaided, as the Circuit Court of Appeals for the Second Circuit had before it an exact counterpart of the instant indictment in United States v. O'Connell et al., 126 F.2d 807, and held that in a prosecution for conspiracy to evade the Selective Training and Service Act of 1940, the indictment was not required to charge the commission of any overt act. That Act by its terms penalized a conspiracy to violate it without requiring overt acts to complete the offense. With that decision before it this court does not presume to voice any doubt which it might have had concerning the sufficiency of the present indictment, and will overrule the demurrer. However, may it not make a suggestion without being considered unduly critical. Ten minutes care on the part of a pleader will frequently not only insure freedom from dispute as to the sufficiency of his pleading, but will also relieve the court from considerable labor. In this case overt acts could easily have been added to the indictment, and under any view of the matter could not have been considered worse than surplusage; or a second count setting forth overt acts could have been added. There is no utility in a pleader walking a tight-rope when he can have a wide road.

Defendants further contend that the evidence was insufficient to sustain the verdict. Willard and Martin H. Singer undoubtedly were acting together to relieve Willard from the status given him by his

Draft Board. Each presented affidavits to the effect that Martin was in ill health and dependent upon Willard. The evidence seems to justify the jury in its finding to the contrary. The undisputed evidence was that Martin spent quite long hours practically every day in a restaurant on the North Side, Pittsburgh, in which he was the manager and, at least so far as it appeared to the public, the owner. Its sign designated it as "Martin's Grill", and in it Martin was 'in control. He "hired and fired" the employees and generally rendered such services as to justify a wage, whether given him, or taken by him, or not, and which made it reasonably clear that he was not physically incapacitated to any material extent. He and his wife lived apart from Willard.

The defendant, Walter William Weel, and Martin H. Singer were connected only by the fact that each acted to relieve Willard Irwin Singer from the draft. Weel signed an affidavit in which he asserted that he was an owner of coal mines and a considerable dealer in coal who had contracts for coal with large concerns engaged in the manufacture of war materials. He alleged that Willard Irwin Singer was essential to his coal business and irreplaceable, and prayed his deferment on the ground that his inclusion in the military service would be to the detriment of war work. Weel's own testimony at the trial disclosed that he had, at the time, no operating mines and that Willard Irwin Singer had no right to deferment as an essential employee because the claimed business was nonexistent.

Both Weel and Willard Irwin Singer testified that the latter had nothing to do with the affidavit, and that it was entirely Weel's idea. The affidavit was prepared in Willard Irwin Singer's law office and was attested by a Notary Public in the building in which the office was contained. The jury quite evidently rejected the testimony of nonparticipation by Willard Irwin Singer and, in view of other testimony which it found to be materially false, was justified in so doing.

### Order

And now, to wit, April 21, 1943, upon consideration thereof, the motion of defendants for a new trial is hereby denied. The motion of defendants in arrest of judgment is hereby denied.